# Supreme Court of Florida

_____

No. SC13-2384

_____

## IN RE: AMENDMENTS TO THE FLORIDA RULES OF CIVIL PROCEDURE.

[December 11, 2014]

PER CURIAM.

The Florida Bar's Civil Procedure Rules Committee (Committee) has filed a "fast-track" out-of-cycle report proposing amendments to the Florida Rules of Civil Procedure in response to statutory changes. See Fla. R. Jud. Admin. 2.140(e). We have jurisdiction.[1]

The Committee proposes amendments to Florida Rule of Civil Procedure 1.110 and forms 1.944, 1.996(a), and 1.996(b). The Committee also proposes new rule 1.115 and several new forms. According to the report, the amended and new rules and forms are in response to legislation regarding mortgage foreclosure actions. Chapter 2013-173, Laws of Florida, created new section 702.015, Florida Statutes. This statutory provision sets forth new pleading requirements for mortgage foreclosure complaints intended to

_____

1. Art. V, § 2(a), Fla. Const.

"expedite the foreclosure process by ensuring initial disclosure of a plaintiff's status and the facts supporting that status, thereby ensuring the availability of documents necessary to the prosecution of the case." Ch. 2013-173, § 3, Laws of Fla. Chapter 2013-173 also amended section 702.10, Florida Statutes (2012), relating to orders to show cause why a judgment of foreclosure should not be entered and hearings held thereon. Ch. 2013-173, § 6, Law of Fla. The legislation became effective on June 7, 2013. Ch. 2013-173, § 10, Laws of Fla. The new pleading requirements are effective as to cases filed on or after July 1, 2013, and the new show cause provisions apply to cases pending on the effective date of the act. Ch. 2013-173, § 8, Laws of Fla.

After considering the proposed amendments and reviewing the relevant legislation, we amend the Florida Rules of Civil Procedure and forms as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall take effect immediately upon the release of this opinion. Because the amendments were not published for comment prior to adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[2]

_____

2. All comments must be filed with the Court on or before February 9, 2015, with a certificate of service verifying that a copy has been served on the Committee Chair, Kevin B. Cook, Rogers Towers, P.A., 818 A1A N., Suite 208, Ponte Vedra Beach, Florida 32082-8217, kcook@rtlaw.com, and on the Bar Staff Liaison to the Committee, Ellen Sloyer, 651 E. Jefferson Street, Tallahassee, Florida 32399-2300, esloyer@flabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Civil Procedure

Kevin Bayly Cook, Chair, Civil Procedure Rules Committee, Roger Towers, P.A., Ponte Vedra Beach, Florida; Thomas Howell Bateman, III, Past Chair, Civil Procedure Rules Committee, Messer Caparello, P.A., Tallahassee, Florida; John F. Harkness, Jr., Executive Director and Ellen H. Sloyer, Bar Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

---

case. The Committee Chair has until March 2, 2015, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Portal in accordance with In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a non-lawyer or a lawyer not licensed to practice in Florida, the comment must be electronically filed via e-mail in accordance with In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004). Electronically filed documents must be submitted in Microsoft Word 97 or higher. Any person unable to submit a comment electronically must mail or hand deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927. No additional copies are required or will be accepted.

# APPENDIX

## RULE 1.110.       GENERAL RULES OF PLEADING

**(a)**     **[No change]**

**(b)**     **Claims for Relief.**  A pleading which sets forth a claim for relief, whether an original claim, counterclaim, crossclaim, or third-party claim must state a cause of action and shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the ultimate facts showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which the pleader deems himself or herself entitled.  Relief in the alternative or of several different types may be demanded.  Every complaint shall be considered to pray for general relief.

~~When filing an action for foreclosure of a mortgage on residential real property the complaint shall be verified.  When verification of a document is required, the document filed shall include an oath, affirmation, or the following statement:~~

~~"Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief."~~

**(c) – (h)** [No change]

## Committee Notes

**1971 Amendment.**  Subdivision (h) is added to cover a situation usually arising in divorce judgment modifications, supplemental declaratory relief actions, or trust supervision.  When any subsequent proceeding results in a pleading in the strict technical sense under rule 1.100(a), response by opposing parties will follow in the same course as though the new pleading were the initial pleading in the action.  The time for answering and authority for defenses under rule 1.140 will apply.  The last sentence exempts post judgment motions under rules 1.480(c), 1.530, and 1.540, and similar proceedings from its purview.

**<u>2014 Amendment.</u>**  <u>The last two paragraphs of rule 1.110(b) regarding pleading requirements for certain mortgage foreclosure actions were deleted and incorporated in new rule 1.115.</u>

# RULE 1.115.    PLEADING MORTGAGE FORECLOSURES

**(a)    Claim for Relief.**  A claim for relief that seeks to foreclose a mortgage or other lien on residential real property, including individual units of condominiums and cooperatives designed principally for occupation by one to four families which secures a promissory note, must: (1) contain affirmative allegations expressly made by the claimant at the time the proceeding is commenced that the claimant is the holder of the original note secured by the mortgage; or (2) allege with specificity the factual basis by which the claimant is a person entitled to enforce the note under section 673.3011, Florida Statutes.

**(b)    Delegated Claim for Relief.**  If a claimant has been delegated the authority to institute a mortgage foreclosure action on behalf of the person entitled to enforce the note, the claim for relief shall describe the authority of the claimant and identify with specificity the document that grants the claimant the authority to act on behalf of the person entitled to enforce the note.  The term "original note" or "original promissory note" means the signed or executed promissory note rather than a copy of it.  The term includes any renewal, replacement, consolidation, or amended and restated note or instrument given in renewal, replacement, or substitution for a previous promissory note.  The term also includes a transferrable record, as defined by the Uniform Electronic Transaction Act in section 668.50(16), Florida Statutes.

**(c)    Possession of Original Promissory Note.**  If the claimant is in possession of the original promissory note, the claimant must file under penalty of perjury a certification contemporaneously with the filing of the claim for relief for foreclosure that the claimant is in possession of the original promissory note.  The certification must set forth the location of the note, the name and title of the individual giving the certification, the name of the person who personally verified such possession, and the time and date on which the possession was verified.  Correct copies of the note and all allonges to the note must be attached to the certification.  The original note and the allonges must be filed with the court before the entry of any judgment of foreclosure or judgment on the note.

**(d)    Lost, Destroyed, or Stolen Instrument.**  If the claimant seeks to enforce a lost, destroyed, or stolen instrument, an affidavit executed under penalty of perjury must be attached to the claim for relief.  The affidavit must: (1) detail a clear chain of all endorsements, transfers, or assignments of the promissory note that is the subject of the action; (2) set forth facts showing that the claimant is entitled to enforce a lost, destroyed, or stolen instrument pursuant to section

673.3091, Florida Statutes; and (3) include as exhibits to the affidavit such copies of the note and the allonges to the note, audit reports showing receipt of the original note, or other evidence of the acquisition, ownership, and possession of the note as may be available to the claimant. Adequate protection as required under section 673.3091(2), Florida Statutes, shall be provided before the entry of final judgment.

(e) **Verification.** When filing an action for foreclosure on a mortgage for residential real property the claim for relief shall be verified by the claimant seeking to foreclose the mortgage. When verification of a document is required, the document filed shall include an oath, affirmation, or the following statement:

"Under penalties of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief."

**FORM 1.944(a). MORTGAGE FORECLOSURE**

**(When location of original note known)**

**COMPLAINT**

Plaintiff, A. B., sues defendant, C. D., and alleges:

1.      This is an action to foreclose a mortgage on real property in ................. County, Florida.

2.      On .....(date)....., defendant executed and delivered a promissory note and a mortgage securing payment of the note to …..(plaintiff or plaintiff's predecessor…..The mortgage was recorded on .....(date)....., in Official Records Book .......... at page .......... of the public records of ................... County, Florida, and mortgaged the property described in the mortgage then owned by and in possession of the mortgagor, a copy of the mortgage ~~containing a copy of~~ and the note being attached.

3.      ~~Plaintiff owns and holds the note and mortgage.~~ (Select a, b, or c)

    (a)      Plaintiff is the holder of the original note secured by the mortgage.

    (b)      Plaintiff is a person entitled to enforce the note under applicable law because …..(allege specific facts)……

    (c)      Plaintiff has been delegated the authority to institute a mortgage foreclosure action on behalf of the person entitled to enforce the note. The document(s) that grant(s) plaintiff the authority to act on behalf of the person entitled to enforce the note is/are as follows …………………………..

4.      The property is now owned by defendant who holds possession.

5.      Defendant has defaulted under the note and mortgage by failing to pay the payment due .....(date)....., and all subsequent payments …..(allege other defaults as applicable)…….

6.      Plaintiff declares the full amount payable under the note and mortgage to be due.

7.      Defendant owes plaintiff $.......... that is due on principal on the note and mortgage, interest from .....(date)....., and title search expense for ascertaining necessary parties to this action.

8.      Plaintiff is obligated to pay plaintiff's attorneys a reasonable fee for their services. Plaintiff is entitled to recover its attorneys' fees under …..(allege statutory and/or contractual bases, as applicable)……

WHEREFORE, plaintiff demands judgment foreclosing the mortgage, for costs (and, when applicable, for attorneys' fees), and, if the proceeds of the sale are insufficient to pay plaintiff's claim, a deficiency judgment.

**NOTE:** An action for foreclosure of a mortgage on residential real property must contain an oath, affirmation, or the following statement as required by rule 1.115(e).

## VERIFICATION

Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.

_____

Executed on this …..(date)…..

**_____**
[Person Signing Verification]

### CERTIFICATION OF POSSESSION OF ORIGINAL NOTE

The undersigned hereby certifies:

1.      That plaintiff is in possession of the original promissory note upon which this action is brought.

2.      The location of the original promissory note is: …..(location)..…

3.      The name and title of the person giving the certification is: …..(name and title)..…

4.     The name of the person who personally verified such possession is: …..(name)..….

5.     The time and date on which possession was verified were: …..(time and date)..….

6.     Correct copies of the note (and, if applicable, all endorsements, transfers, allonges, or assignments of the note) are attached to this certification.

7.     I give this statement based on my personal knowledge.

Under penalties of perjury, I declare that I have read the foregoing Certification of Possession of Original Note and that the facts stated in it are true.

Executed on …..(date)……

_____
[Person Signing Certification]

**NOTE:** This form is for installment payments with acceleration. It omits allegations about junior encumbrances, unpaid taxes, unpaid insurance premiums, other nonmonetary defaults, and for a receiver. They must be added when ~~proper~~ appropriate. ~~Copies~~A copy of the note and mortgage must be attached. This form may require modification. This form is designed to incorporate the pleading requirements of section 702.015, Florida Statutes (2013) and rule 1.115. It is also designed to conform to section 673.3011, Florida Statutes (2013), except that part of section 673.3011, Florida Statutes, which defines a person entitled to enforce an instrument under section 673.3091, Florida Statutes. See form 1.944(b). Pursuant to section 702.015, Florida Statutes (2013), a certification of possession of the original promissory note must be filed contemporaneously with the Complaint (form 1.944(a)) or, in the event that the plaintiff seeks to enforce a lost, destroyed, or stolen instrument, an affidavit setting forth the facts required by law must be attached to the complaint (form 1.944(b)).

# FORM 1.944(b).  MORTGAGE FORECLOSURE

## (When location of original note unknown)

## COMPLAINT

Plaintiff, ABC, sues defendant, XYZ, and states:

1.      This is an action to foreclose a mortgage on real property in ………. County, Florida.

2,      On …..(date)..…., defendant executed and delivered a promissory note and a mortgage securing the payment of said note to …..(plaintiff or plaintiff's predecessor)…... The mortgage was recorded on …..(date)….., in Official Records Book ….. at page ….. of the public records of ……… County, Florida, and mortgaged the property described therein which was then owned by and in possession of the mortgagor.  A copy of the mortgage and note are attached to the affidavit which is attached hereto as Composite Exhibit "1"; the contents of the affidavit are specifically incorporated by reference.

3.      Plaintiff is not in possession of the note but is entitled to enforce it.

4.      (select a, b, c, or d) Plaintiff cannot reasonably obtain possession of the note because

(a)      the note was destroyed.

(b)      the note is lost.

(c)      the note is in the wrongful possession of an unknown person.

(d)      the note is in the wrongful possession of a person that cannot be found or is not amenable to service of process.

5.      (select a, b, c, or d)

(a)      At the time the original note was lost, plaintiff was the holder of the original note secured by the mortgage.

(b)      At the time the original note was lost, plaintiff was a person entitled to enforce the note under applicable law because …..(allege specific facts)…...

(c)     Plaintiff has directly or indirectly acquired ownership of the note from a person who was entitled to enforce the note when loss of possession occurred as follows: …..(allege facts as to transfer of ownership)…...

(d)     Plaintiff has been delegated the authority to institute a mortgage foreclosure action on behalf of the person entitled to enforce the note, and the document(s) that grant(s) plaintiff the authority to act on behalf of the person entitled to enforce the note is/are as follows …………………………. (attach documents if not already attached).

6.     Plaintiff did not transfer the note or lose possession of it as the result of a lawful seizure.

7.     The property is now owned by defendant who holds possession.

8.     Defendant has defaulted under the note and mortgage by failing to pay the payment(s) due ..…(date(s))….. , and all subsequent payments ….. (identify other defaults as applicable)……

9.     Plaintiff declares the full amount payable under the note and mortgage to be due.

10.     Defendant owes plaintiff  $......... that is due on principal on the note and mortgage, interest from …..(date)….. , and title search expense for ascertaining necessary parties to this action.

11.     Plaintiff is obligated to pay its attorneys a reasonable fee for their services.   Plaintiff is entitled to recover its attorneys' fees for prosecuting this claim pursuant to …..(identify statutory and/or contractual bases, as applicable)……

WHEREFORE, Plaintiff demands judgment foreclosing the mortgage, for costs (and, where applicable, for attorneys' fees), and if the proceeds of the sale are insufficient to pay plaintiff's claim, a deficiency judgment.
**NOTE:** An action for foreclosure of a mortgage on residential real property must contain an oath, affirmation, or the following statement as required by rule 1.115(e).

**VERIFICATION**

- 11 -

Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.

Executed on …..(date)…....

_____
(Person Signing Verification)

\*\*\*\*\*

## AFFIDAVIT OF COMPLIANCE

STATE OF FLORIDA
COUNTY OF ……………

BEFORE ME, the undersigned authority, personally appeared …..(name)….., who, after being first duly sworn, deposes and states, under penalty of perjury:

1.      I am the plaintiff  (or plaintiff's …………) (identify relationship to plaintiff).

2.      I am executing this affidavit in support of plaintiff's Complaint against defendant and I have personal knowledge of the matters set forth herein.

3.      On …..(date)….. , the public records reflect that defendant executed and delivered a mortgage securing the payment of the note to …..(plaintiff/plaintiff's predecessor)……  The mortgage was recorded on …..(date)….. , in Official Records Book ……… at page ……… of the public records of …….. County, Florida, and mortgaged the property described therein, which was then owned by and in possession of the mortgagor, a copy of the mortgage and the note being attached.

4.      (select a, b, c, or d)  Plaintiff cannot reasonably obtain possession of the note because

        (a)     the note was destroyed.

        (b)     the note is lost.

        (c)     the note is in the wrongful possession of an unknown person.

- 12 -

_(d)     the note is in the wrongful possession of a person who cannot be found or is not amenable to service of process._

5.     (select  a, b, c, or d)

_(a)     At the time the original note was lost, plaintiff was the holder of the original note secured by the mortgage._

_(b)     At the time the original note was lost, plaintiff was a person entitled to enforce the note under applicable law because ......(allege specific facts)…..._

_(c)     Since the note was lost, plaintiff has directly or indirectly acquired ownership of the note from a person who was entitled to enforce the note when loss of possession occurred as follows: …..(allege facts regarding transfer of ownership)…..._

_(d)     Plaintiff has been delegated the authority to institute a mortgage foreclosure action on behalf of the person entitled to enforce the note, and the document(s) that grant(s) plaintiff the authority to act on behalf of the person entitled to enforce the note is/are as follows ……………………………. (attach copy of document(s) or relevant portion(s) of the document(s))._

_6.     Below is the clear chain of the endorsements, transfers, allonges or assignments of the note and all documents that evidence same as are available to Plaintiff:  …..(identify in chronological order all endorsements, transfers, assignments of, allonges to, the note or other evidence of the acquisition, ownership and possession of the note)…...  Correct copies of the foregoing documents are attached to this affidavit._

_7.     Plaintiff did not transfer the note or lose possession of it as the result of a lawful seizure._

_FURTHER, AFFIANT SAYETH NAUGHT._


_____

[signature]

…………………………………….
[typed or printed name of affiant]

STATE OF FLORIDA
COUNTY OF …………...

      BEFORE ME, the undersigned authority appeared …..(name of affiant)….., who …..is personally known to me or …… produced identification ….. and acknowledged that he/she executed the foregoing instrument for the purposes expressed therein and who did take an oath.

      WITNESS my hand and seal in the State and County aforesaid, this …..(date)…...

                   **_____**

                   NOTARY PUBLIC, State of Florida

                   Print Name: ………………………….

                   Commission Expires: ……………….

## Committee Note

**2014 Adoption.** This form is for installment payments with acceleration. It omits allegations about junior encumbrances, unpaid taxes, unpaid insurance premiums, other nonmonetary defaults, and for a receiver. Allegations must be added when appropriate. This form may require modification. This form is designed to incorporate the pleading requirements of section 702.015, Florida Statutes (2013), and rule 1.115. It is also designed to comply with section 673.3091, Florida Statutes (2013). Adequate protection as required by sections 702.11 (2013) and 673.3091(2), Florida Statutes (2013), must be provided before the entry of final judgment.

**FORM 1.944(c)    MOTION FOR ORDER TO SHOW CAUSE**

**PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE
FOR ENTRY OF FINAL JUDGMENT OF FORECLOSURE**

1.      Plaintiff is a lienholder of real property located at …..(address)….. or is a …..Condominium Association/Cooperative Association/Homeowner's Association……

2.      The plaintiff has filed a verified complaint in conformity with applicable law, which is attached.

3.      The plaintiff requests this court issue an order requiring defendant(s) to appear before the court to show cause why a final judgment of foreclosure should not be entered against defendant(s).

4.      The date of the hearing may not occur sooner than the later of 20 days after service of the order to show cause or 45 days after service of the initial complaint.

OR

COMMENT:  Use the following when service is by publication:

4.      When service is obtained by publication, the date for the hearing may not be set sooner than 30 days after the first publication.

5.      The accompanying proposed order to show cause affords defendant(s) all the rights and obligations as contemplated by applicable law.

6.      Upon the entry of the order to show cause, plaintiff shall serve a copy of the executed order to show cause for entry of final judgment as required by law.

7.      **This is not a residential property for which a homestead exemption for taxation was granted according to the rolls of the latest assessment by the County Property Appraiser.**

Plaintiff requests the court review this complaint and grant this motion for order to show cause for entry of final judgment of foreclosure, and grant such further relief as may be awarded at law or in equity.

- 15 -

_____

Plaintiff

Certificate of Service

## **Committee Note**

**2014 Adoption.** This form is designed to comply with section 702.10, Florida Statutes (2013).

## FORM 1.944(d)    ORDER TO SHOW CAUSE


## ORDER TO SHOW CAUSE


**THIS CAUSE** has come before the court on …..plaintiff's/lien holder's….. motion for order to show cause for entry of final judgment of mortgage foreclosure and the court having reviewed the motion and the verified complaint, and being otherwise fully advised in the circumstances, finds and it is

**ORDERED AND ADJUDGED** that:


1.      The defendant(s) shall appear at a hearing on foreclosure on ..….(date)….. at ...….(time)….. before the undersigned judge, in the ..….(county)….. Courthouse at ..….(address)….., to show cause why the attached final judgment of foreclosure should not be entered against the defendant(s) in this cause.  This hearing referred to in this order is a "show cause hearing."


2.      This ORDER TO SHOW CAUSE shall be served on the defendant(s) in accordance with the Florida Rules of Civil Procedure and applicable law as follows:


a.      If the defendant(s) has/have been served under Chapter 48, Florida Statutes, with the verified complaint and original process has already been effectuated, service of this order may be made in the manner provided in the Florida Rules of Civil Procedure; or, if the other party is the plaintiff in the action, service of the order to show cause on that party may be made in the manner provided in the Florida Rules of Civil Procedure.


b.      If the defendant(s) has/have not been served under Chapter 48, Florida Statutes, with the verified complaint and original process, the order to show cause, together with the summons and a copy of the verified complaint, shall be served on the party in the same manner as provided by law for original process.


3.      The filing of defenses by a motion or verified answer at or before the show cause hearing constitutes cause for which the court may not enter the attached final judgment.

4.     Defendant(s) has/have the right to file affidavits or other papers at the time of the show cause hearing and may appear at the hearing personally or by an attorney.

5.     If defendant(s) file(s) motions, they may be considered at the time of the show cause hearing.

6.     Defendant(s)' failure to appear either in person or by an attorney at the show cause hearing or to file defenses by motion or by a verified or sworn answer, affidavits, or other papers which raise a genuine issue of material fact which would preclude entry of summary judgment or which would otherwise constitute a legal defense to foreclosure, after being served as provided by law with the order to show cause, will be deemed presumptively a waiver of the right to a hearing. In such case, the court may enter a final judgment of foreclosure ordering the clerk of the court to conduct a foreclosure sale. An order requiring defendant(s) to vacate the premises may also be entered.

7.     If the mortgage provides for reasonable attorneys' fees and the requested fee does not exceed 3% of the principal amount owed at the time the complaint is filed, the court may not need to hold a hearing to adjudge the requested fee to be reasonable.

8.     Any final judgment of foreclosure entered under section 702.10(1) Florida Statutes, shall be only for in rem relief; however, entry of such final judgment of foreclosure shall not preclude entry of an in personam money damages judgment or deficiency judgment where otherwise allowed by law.

**9.**     **A copy of the proposed final judgment is attached and will be entered by the court if defendant(s) waive(s) the right to be heard at the show cause hearing.**

**10.**     **The court finds that this is not a residential property for which a homestead exemption for taxation was granted according to the rolls of the latest assessment by the county property appraiser.**

DONE AND ORDERED at …..(county)..…, Florida …..(date)……

_____
CIRCUIT JUDGE

Copies to:

**Committee Note**

**2014 Adoption**. This form is designed to comply with section 702.10(1), Florida Statutes (2013).

**FORM 1.996(a).   FINAL JUDGMENT OF FORECLOSURE**

FINAL JUDGMENT

This action was tried before the court. On the evidence presented

IT IS ADJUDGED that:

1.      **Amounts Due.**  Plaintiff, …..(name and address)….., is due

|  |  |
|---|---|
| Principal | $............................. |
| Interest to date of this judgment | ……………………. |
| Title search expenses | ……………………. |
| Taxes | ……………………. |
| ~~Attorneys' fees~~ | ~~……………………...~~ |
| ~~Finding as to reasonable number of hours:~~ | ~~……………………...~~ |
| ~~Finding as to reasonable hourly rate:~~ | ~~……………………...~~ |
| ~~Other*:~~ | ~~……………………...~~ |

~~(*The requested attorneys' fees are a flat rate fee that the firm's client has agreed to pay in this matter.  Given the amount of the fee requested and the labor expended, the Court finds that a lodestar analysis is not necessary and that the flat fee is reasonable.)~~

|  |  |
|---|---|
| Attorneys' fees total | …………………….. |
| Court costs, now taxed | …………………….. |

Other: …………..                    ………………….…...

Subtotal                                 $..............................

                         LESS:  Escrow balance   ……………………..

                         LESS:  Other             ……………………..

       **TOTAL**                         $..............................

That shall bear interest at a rate of 7% per year.


       2.     **Lien on Property.**  Plaintiff holds a lien for the total sum superior to all claims or estates of defendant(s), on the following described property in ……………….. County, Florida:

                         (describe property)

       3.     **Sale of Property.**  If the total sum with interest at the rate described in paragraph 1 and all costs accrued subsequent to this judgment are not paid, the clerk of this court shall sell the property at public sale on .....(date)….., to the highest bidder for cash, except as prescribed in paragraph 4, at the courthouse located at ….(street address of courthouse)…. in …………… County in …..(name of city)….., Florida, in accordance with section 45.031, Florida Statutes (2013), using the following method (CHECK ONE):

⊟….. At .....(location of sale at courthouse; *e.g.*, north door)....., beginning at .....(time of sale)..... on the prescribed date.

⊟ ….. By electronic sale beginning at .....(time of sale)..... on the prescribed date at .....(website)......

       4.     **Costs.**  Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the clerk if plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for the documentary stamps payable on the certificate of title. If plaintiff is the purchaser, the clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it as is necessary to pay the bid in full.

5.	**Distribution of Proceeds.**  On filing the certificate of title the clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of plaintiff's costs; second, documentary stamps affixed to the certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 1 from this date to the date of the sale; and by retaining any remaining amount pending further order of this court.

6.	**Right of Redemption/Right of Possession**.  On filing the certificate of sale, defendant(s) and all persons claiming under or against defendant(s) since the filing of the notice of lis pendens shall be foreclosed of all estate or claim in the property and defendant's right of redemption as prescribed by section 45.0315, Florida Statutes (2013) shall be terminated, except as to claims or rights under chapter 718 or chapter 720, Florida Statutes, if any.  Upon the filing of the certificate of title, the person named on the certificate of title shall be let into possession of the property.

**7.	Attorneys' Fees.**

[If a default judgment has been entered against the mortgagor]

Because a default judgment has been entered against the mortgagor and because the fees requested do not exceed 3% of the principal amount owed at the time the complaint was filed, it is not necessary for the court to hold a hearing or adjudge the requested attorneys' fees to be reasonable.

[If no default judgment has been entered against the mortgagor]

The court finds, based upon the affidavits/testimony presented and upon inquiry of counsel for the plaintiff that ___ hours were reasonably expended by plaintiff's counsel and that an hourly rate of $_____ is appropriate.  Plaintiff's counsel represents that the attorneys' fees awarded does not exceed its contract fee with the plaintiff.  The court finds that there is/are no reduction or enhancement factors for consideration by the court pursuant to *Florida Patients Compensation Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985).  (If the court has found that there are reduction or enhancement factors to be applied, then such factors must be identified and explained herein).

[If the fees to be awarded are a flat fee]

The requested attorneys' fees are a flat rate fee that the firm's client has agreed to pay in this matter. Given the amount of the fee requested and the labor expended, the court finds that a lodestar analysis is not necessary and that the flat fee is reasonable.

78. **Jurisdiction Retained.** Jurisdiction of this action is retained to enter further orders that are proper including, without limitation, a deficiency judgment.

**IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.**

**IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**

[If the property being foreclosed on has qualified for the homestead tax exemption in the most recent approved tax roll, the final judgment shall additionally contain the following statement in conspicuous type:]

**IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CONTACT THE CLERK OF THE COURT,** (INSERT INFORMATION FOR APPLICABLE COURT) **WITHIN 10 DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.**

**IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND**

**THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT** (INSERT LOCAL OR NEAREST LEGAL AID OFFICE AND TELEPHONE NUMBER) **TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT** (NAME OF LOCAL OR NEAREST LEGAL AID OFFICE AND TELEPHONE NUMBER) **FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.**

ORDERED at ...................., Florida, on .....(date).......

_____
Judge

**NOTE:** Paragraph 1 must be varied in accordance with the items unpaid, claimed, and proven. The form does not provide for an adjudication of junior lienors' claims nor for redemption by the United States of America if it is a defendant. The address of the person who claims a lien as a result of the judgment must be included in the judgment in order for the judgment to become a lien on real estate when a certified copy of the judgment is recorded. Alternatively, an affidavit with this information may be simultaneously recorded. For the specific requirements, see section 55.10(1), Florida Statutes; *Hott Interiors, Inc. v. Fostock*, 721 So. 2d 1236 (Fla. 4th DCA 1998).

### Committee Notes

**1980 Amendment**. The reference to writs of assistance in paragraph 7 is changed to writs of possession to comply with the consolidation of the 2 writs.

**2010 Amendment.** Mandatory statements of the mortgagee/property owner's rights are included as required by the 2006 amendment to section 45.031, Florida Statutes. Changes are also made based on 2008 amendments to section 45.031, Florida Statutes, permitting courts to order sale by electronic means.

Additional changes were made to bring the form into compliance with chapters 718 and 720 and section 45.0315, Florida Statutes, and to better align the form with existing practices of clerks and practitioners. The breakdown of the amounts due is now set out in column format to simplify calculations. The requirement that the form include the address and social security number of all defendants was eliminated to protect the privacy interests of those defendants and in recognition of the fact that this form of judgment does not create a personal final money judgment against the defendant borrower, but rather an in rem judgment against the property. The address and social security number of the defendant borrower should be included in any deficiency judgment later obtained against the defendant borrower.

**2014 Amendment.** These amendments added titles, updated statutory reference to time for right of redemption, and added a paragraph on attorneys' fees.

**FORM 1.996(b).     FINAL JUDGMENT OF FORECLOSURE FOR REESTABLISHMENT OF LOST NOTE**

FINAL JUDGMENT

This action was tried before the court.  On the evidence presented

IT IS ADJUDGED that:

1.     **Amounts Due.**     Plaintiff, …. (name and address) ….., is due

| | |
|---|---|
| Principal | $............................. |
| Interest to date of this judgment | …………………….. |
| Title search expenses | …………………….. |
| Taxes | …………………….. |
| Attorneys' fees total | …………………….. |
| Court costs, now taxed | …………………….. |
| Other: ………….. | ……………………….. |

| | |
|---|---|
| Subtotal | $............................. |
| LESS:  Escrow balance | ……………………….. |
| LESS:  Other | ……………………. |
| **TOTAL** | $............................. |

2.     **Lien on Property.**  Plaintiff holds a lien for the total sum superior to all claims or estates of defendant(s), on the following described property ……………….. County, Florida:

(describe property)

3.    **Sale of Property.**  If the total sum with interest at the rate described in paragraph 1 and all costs accrued subsequent to this judgment are not paid, the clerk of this court shall sell the property at public sale on .....(date)....., to the highest bidder for cash, except as prescribed in paragraph 4, at the courthouse located at ….(street address of courthouse)…. in …………… County in ………(name of city)….., Florida, in accordance with section 45.031, Florida Statutes (2013), using the following method (CHECK ONE):

_____    At .....(location of sale at courthouse; *e.g.*, north door)....., beginning at .....(time of sale)..... on the prescribed date.

_____    By electronic sale beginning at .....(time of sale)..... on the prescribed date at .....(website)......

4.    **Costs.**  Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the clerk if plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for the documentary stamps payable on the certificate of title. If plaintiff is the purchaser, the clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it as is necessary to pay the bid in full.

5.    **Distribution of Proceeds.**  On filing the certificate of title the clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of plaintiff's costs; second, documentary stamps affixed to the certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 1 from this date to the date of the sale; and by retaining any remaining amount pending further order of this court.

6.    **Right of Redemption/Right of Possession**.  On filing the certificate of sale, defendant(s) and all persons claiming under or against defendant(s) since the filing of the notice of lis pendens shall be foreclosed of all estate or claim in the property and defendant's right of redemption as prescribed by section 45.031, Florida Statutes (2013) shall be terminated, except as to claims or rights under chapter 718 or chapter 720, Florida Statutes, if any.  Upon the filing of the certificate of title, the person named on the certificate of title shall be let into possession of the property.

7.    **Attorneys' Fees.**

[If a default judgment has been entered against the mortgagor]

Because a default judgment has been entered against the mortgagor and because the fees requested do not exceed 3% of the principal amount owed at the time the complaint was filed, it is not necessary for the court to hold a hearing or adjudge the requested attorneys' fees to be reasonable.

[If no default judgment has been entered against the mortgagor]

The court finds, based upon the affidavits/testimony presented and upon inquiry of counsel for the plaintiff that ___ hours were reasonably expended by plaintiff's counsel and that an hourly rate of $_____ is appropriate. Plaintiff's counsel represents that the attorney fee awarded does not exceed its contract fee with the plaintiff. The court finds that there are no reduction or enhancement factors for consideration by the court pursuant to *Florida Patients Compensation Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985). (If the court has found that there are reduction or enhancement factors to be applied, then such factors must be identified and explained herein).

[If the fees to be awarded are a flat fee]

The requested attorneys' fees are a flat rate fee that the firm's client has agreed to pay in this matter. Given the amount of the fee requested and the labor expended, the court finds that a lodestar analysis is not necessary and that the flat fee is reasonable.

8.     **Re-establishment of Lost Note.** The court finds that the plaintiff has re-established the terms of the lost note and its right to enforce the instrument as required by applicable law. Plaintiff shall hold the defendant(s) maker of the note harmless and shall indemnify defendant(s) for any loss defendant(s) may incur by reason of a claim by any other person to enforce the lost note. Adequate protection has been provided as required by law by the following means: …..(identify means of security under applicable law: a written indemnification agreement, a surety bond, include specific detail)…...

Judgment is hereby entered in favor of the plaintiff as to its request to enforce the lost note.

9.    **Jurisdiction Retained.**  Jurisdiction of this action is retained to enforce the adequate protection ordered and to enter further orders that are proper including, without limitation, a deficiency judgment.

**IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.**

**IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**

[If the property being foreclosed on has qualified for the homestead tax exemption in the most recent approved tax roll, the final judgment shall additionally contain the following statement in conspicuous type:]

**IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF.  YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED.  PLEASE CHECK WITH THE CLERK OF THE COURT,** (INSERT INFORMATION FOR APPLICABLE COURT) **WITHIN 10 DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.**

**IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION.  IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT** (INSERT LOCAL OR NEAREST LEGAL AID OFFICE AND TELEPHONE NUMBER) **TO SEE IF YOU QUALIFY FINANCIALLY**

**FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT** (NAME OF LOCAL OR NEAREST LEGAL AID OFFICE AND TELEPHONE NUMBER) **FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.**

ORDERED at ………………., Florida, on …..(date)……

_____
Judge

**NOTE:**  Paragraph 1 must be varied in accordance with the items unpaid, claimed, and proven.  The form does not provide for an adjudication of junior lienors' claims or for redemption by the United States of America if it is a defendant.  The address of the person who claims a lien as a result of the judgment must be included in the judgment in order for the judgment to become a lien on real estate when a certified copy of the judgment is recorded.  Alternatively, an affidavit with this information may be simultaneously recorded.  For the specific requirements, see section 55.10(1), Florida Statutes; *Hott Interiors, Inc. v. Fostock*, 721 So. 2d 1236 (Fla. 4th DCA 1998).

## Committee Note

**2014 Amendment.**  This new form is to be used when the foreclosure judgment re-establishes a lost note.

**FORM 1.996(~b~c). MOTION TO CANCEL AND RESCHEDULE FORECLOSURE SALE**

Plaintiff moves to cancel and reschedule the mortgage foreclosure sale because:

1.      On …..(date)….. this ~C~court entered a Final Judgment of Foreclosure pursuant to which a foreclosure sale was scheduled for ——————, ~20~ …..(date)…...

2.      ——— The sale needs to be canceled for the following reason(s):

a.      _____ Plaintiff and ~D~defendant are continuing to be involved in loss mitigation;

b.      _____ Defendant is negotiating for the sale of the property that is the subject of this matter and ~P~plaintiff wants to allow the ~D~defendant an opportunity to sell the property and pay off the debt that is due and owing to ~P~plaintiff.

c.      _____ Defendant has entered into a contract to sell the property that is the subject of this matter and ~P~plaintiff wants to give the ~D~defendant an opportunity to consummate the sale and pay off the debt that is due and owing to plaintiff.

d.      _____ Defendant has filed a Chapter _____ Petition under the Federal Bankruptcy Code;

e.      _____ Plaintiff has ordered but has not received a statement of value/appraisal for the property;

f.      _____ Plaintiff and ~D~defendant have entered into a Forbearance Agreement;

g.      Other

_____

_____

_____

3.      If this Court cancels the foreclosure sale, ~P~plaintiff moves that it be rescheduled.

I hereby certify that a copy of the foregoing ~~M~~motion has been furnished by ~~U.S. mail postage prepaid, facsimile or hand delivery~~…..(method of service)…. to …..(name(s))….. ~~this day of , 20~~ on …..(date)…...

**NOTE.** This form is used to move the court to cancel and reschedule a foreclosure sale.