NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

RBS CITIZENS N.A.,                          )
                                            )
            Appellant,                      )
                                            )
v.                                          )        Case No. 2D16-735
                                            )
DOUGLAS S. REYNOLDS A/K/A                    )
DOUGLAS REYNOLDS AND RUTH A.                 )
REYNOLDS,                                   )
                                            )
            Appellees.                      )
                                            )
_____ )

Opinion filed December 8, 2017.

Appeal from the Circuit Court for Pinellas
County; Jack St. Arnold, Judge.

David Rosenberg, and Robert R.
Edwards, of Robertson, Anschutz &
Schneid, P.L., Boca Raton, for Appellant.

Mark P. Stopa of Stopa Law Firm,
Tampa, for Appellees.


BADALAMENTI, Judge.

          RBS Citizens N.A. filed a verified foreclosure complaint against

homeowners Douglas and Ruth Reynolds.  The trial court entered a nonfinal order

granting the Reynoldses' motion to dismiss.  We relinquished jurisdiction to allow the

trial court to enter an appealable, final order. The trial court subsequently entered an order dismissing RBS's complaint, without leave to amend, solely on the basis that RBS's certification of possession of the original promissory note was not notarized. We reverse because the operative statute imposes no such notarization requirement.

Section 702.015(4), Florida Statutes (2015), requires a foreclosure plaintiff in possession of the original promissory note to file under penalty of perjury a certification that it is in possession of the original promissory note:

> If the plaintiff is in possession of the original promissory note, the plaintiff must file under penalty of perjury a certification with the court, contemporaneously with the filing of the complaint for foreclosure, that the plaintiff is in possession of the original promissory note. The certification must set forth the location of the note, the name and title of the individual giving the certification, the name of the person who personally verified such possession, and the time and date on which the possession was verified.

(Emphasis added.) Section 702.015(6) gives a trial court discretionary authority to sanction the plaintiff for failure to comply with this requirement.

Here, contemporaneously with the filing of its foreclosure complaint on April 16, 2015, RBS filed its certification of possession of the original promissory note. The certification included the location of the note; the name, title, and signature of the individual giving the certification who personally verified such possession; and the time and date on which the possession was verified. Directly above the signature appeared the statement: "Under penalties of perjury, I declare that I have read the foregoing and that the facts stated in it are true."

The trial court dismissed RBS's complaint "solely because the [section] 702.015(4) Certification of Possession attached to Plaintiff's Complaint is not notarized,

- 2 -

which could allow for false statements to be made." Section 702.015(4), however, merely requires a certification of possession of an original promissory note to be filed "under penalty of perjury" and does not require the certification to be notarized. Cf. § 92.525, Fla. Stat. (2015) (providing that when a document must be verified by law, such verification generally may be accomplished by either notarization or by the signing of the following written declaration: "Under penalties of perjury, I declare that I have read the foregoing [document] and that the facts stated in it are true" (alteration in original)); In re Amendments to Fla. Rules of Civil Procedure, 153 So. 3d 258, 262 (Fla. 2014) (adding Florida Rule of Civil Procedure 1.115(c) to implement section 702.015(4), and amending form 1.944(a) to add a new section entitled "Certification of Possession of Original Note," which contains the following written declaration: "Under penalties of perjury, I declare that I have read the foregoing Certification of Possession of Original Note and that the facts stated in it are true"). Because section 702.015(4) does not require notarization, the trial court erred by dismissing RBS's verified foreclosure complaint. Accordingly, we reverse the order of dismissal and remand for further proceedings consistent with this opinion.

Reversed and remanded.

SILBERMAN and SLEET, JJ., Concur.