# Supreme Court of Florida

_____

No. SC13-2384

_____

**IN RE:  AMENDMENTS TO THE FLORIDA RULES OF CIVIL
PROCEDURE.**

[January 14, 2016]

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to

the Florida Rules of Civil Procedure.  We have jurisdiction.  <u>See</u> art. V, § 2(a), Fla.

Const.

## BACKGROUND

The Civil Procedure Rules Committee (Committee) filed a "fast-track" out-

of-cycle report, pursuant to Florida Rule of Judicial Administration 2.140(e),

proposing amendments to the Florida Rules of Civil Procedure in response to

legislative changes.  In its report, the Committee proposed amendments to Florida

Rule of Civil Procedure 1.110 and forms 1.944, 1.996(a), and 1.996(b).  The

Committee also proposed new rule 1.115 and several new forms.  The amended

and new rules and forms were proposed in response to legislation regarding

mortgage foreclosure actions.  Chapter 2013-137, Laws of Florida, created section 702.015, Florida Statutes.  This statutory provision sets forth pleading requirements for mortgage foreclosure complaints intended to "expedite the foreclosure process by ensuring initial disclosure of a plaintiff's status and the facts supporting that status, thereby ensuring the availability of documents necessary to the prosecution of the case."  § 702.015(1), Fla. Stat. (2015).  Chapter 2013-137 also amended section 702.10, Florida Statutes, relating to orders to show cause why a judgment of foreclosure should not be entered and hearings thereon.  Ch. 2013-137, § 6, Laws of Fla.  The legislation became effective on June 7, 2013.  Ch. 2013-137, § 10, Laws of Fla.  The act further specified that the pleading requirements apply to cases filed on or after July 1, 2013, and the new show cause provisions apply to cases pending on the effective date of the act.  Ch. 2013-137, § 8, Laws of Fla.  Finally, the act requested that the Court amend the Florida Rules of Civil Procedure "to provide expedited foreclosure proceedings in conformity with this act and . . . develop and publish forms for use in such expedited proceedings."  Ch. 2013-173, § 9, Laws of Fla.

Upon consideration of the Committee's report and proposals, on December 11, 2014, the Court issued an opinion adopting the proposals and providing a sixty-day comment period.  In re Amends. to Fla. R. Civ. P., 153 So. 3d 258 (Fla. 2014).  Multiple comments were filed, and the Committee filed a response proposing

several additional amendments to the rules and forms. Upon consideration of the comments filed and the Committee's response, we adopt the additional amendments described below.

**AMENDMENTS**

**Rule 1.115 (Pleading Mortgage Foreclosures).** Rule 1.115 specifically governs pleading requirements in foreclosure actions. The rule incorporates the requirements of section 702.015, Florida Statutes, detailing pleading requirements where the plaintiff is the holder of the original note secured by the mortgage, where the plaintiff has been delegated authority to institute an action on behalf of another who is entitled to enforce the note, and where the plaintiff seeks to enforce a lost, destroyed, or stolen note. § 702.015, Fla. Stat. (2015).

Rule 1.115 as it was proposed by the Committee and adopted by the Court closely tracks the language of this statute. The comments filed raised a number of issues with regard to the rule, two with which the Committee agrees. First, the Committee agrees that the first sentence of subdivision (a) of the rule be amended to clarify that the rule is intended to govern foreclosure of a mortgage or lien that is secured by a promissory note on residential real property. Because this provides further clarity in the rule, we adopt this amendment.

The Committee also agrees with comments suggesting that subdivision (d) of the rule be amended to add a reference to section 702.11, Florida Statutes, for

completeness and clarity of "the adequate protections which must be provided before entry of judgment." Subdivision (d) of the rule addresses lost, destroyed, or stolen instruments. In such cases the claimant is required to provide "adequate protection" against "loss that might occur by reason of a claim by another person to enforce the instrument." § 673.3091(2), Fla. Stat. (2015). Section 702.11, Florida Statutes, also addresses adequate protection for lost, destroyed, or stolen notes in mortgage foreclosure and lists the acceptable reasonable means of providing adequate protection, "if so found by the court." § 702.11(1), Fla. Stat. (2015). Accordingly, because both sections 673.3091(2) and 702.11(1) are important provisions regarding adequate protections, we adopt the amendment to subdivision (d) as proposed by the Committee.

**Form 1.944(a) (Mortgage Foreclosure)**. This form is to be used only in mortgage foreclosure cases where the location of the original note is known. The form addresses the issues of delegated authority to institute a mortgage foreclosure action and certification of possession of the original note. As with new rule 1.115, the amendments that were made to this form closely follow the requirements for pleading set forth in section 702.015, Florida Statutes (2015). Several comments were received raising several issues. In response to the comments, the Committee has proposed amending paragraph (3)(c) of this form and adding a new paragraph (3)(d). The amendments provide separate choices where the delegated authority to

institute the action comes from the holder of the original note and where it comes from one who is not the holder but who is otherwise entitled to enforce the note. Because this would provide further clarity, we adopt these amendments to form 1.944(a) as proposed by the Committee.

**Form 1.944(b) (Mortgage Foreclosure)**.  This mortgage foreclosure complaint form is for use in mortgage foreclosure cases where the location of the original note is unknown.  It incorporates the pleading requirements for such cases set forth in section 702.015(5), Florida Statutes (2015).  It also incorporates the requirements of section 673.3091 (Enforcement of lost, destroyed, or stolen instrument).  In response to the comments filed with regard to form 1.944(b), the Committee has proposed several amendments. The Committee has also recommended several other amendments for consistency between forms 1.944(a) and (b).  Consistency between these forms is desirable, given that they are both mortgage foreclosure complaint forms intended to implement the applicable statute.  We adopt the amendments as proposed by the Committee.

**Form 1.944(c) (Motion for Order to Show Cause) and Form 1.944(d) (Order to Show Cause)**.  Form 1.944(c) is a motion for an order to show cause for entry of final judgment of foreclosure.  Form 1.944(d) is an order to show cause to be issued following the filing of the motion for an order to show cause.  These forms are meant to be used in proceedings under section 702.10, Florida Statutes

(2015). The Committee agrees with comments filed suggesting that paragraph 7 of form 1.944(c) and paragraph 10 of form 1.944(d), referring to homestead status, should be deleted. We adopt the amendments to form 1.944(c) and (d) as proposed by the Committee in response to the comments.

## CONCLUSION

Accordingly, the Florida Rules of Civil Procedure and forms are hereby amended as set forth in the appendix to this opinion.[1] New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall take effect immediately upon the release of this opinion.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Civil Procedure

Judge Jacqueline Hogan Scola, Chair, Civil Procedure Rules Committee, Miami, Florida; Kevin Bayly Cook, Past Chair, Civil Procedure Rules Committee, Roger Towers, P.A., Ponte Vedra Beach, Florida; Thomas Howell Bateman, III, Past Chair, Civil Procedure Rules Committee, Messer Caparello, P.A., Tallahassee,

---

1. The Committee requests that the Court correct a scrivener's error in form 1.996(b) (Final Judgment of Foreclosure for Reestablishment of Lost Note). The original submission by the Committee incorrectly cited to section 45.031, Florida Statutes. We amend the form to instead cite to section 45.0315, Florida Statutes.

Florida; John F. Harkness, Jr., Executive Director, and Gregory A. Zhelesnik, Bar Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

Lynn E. Szymoniak, Director, The Housing Justice Foundation, West Palm Beach, Florida; Mark Aloysius Cullen of The Cullen Law Firm, P.A., West Palm Beach, Florida; Patrick Lorne Farrell, Cape Coral, Florida; Chief Judge James T. McGrady, III, Sixth Judicial Circuit, Clearwater, Florida; Michael L. Emge, Senior Staff Attorney, Sixth Judicial Circuit, Saint Petersburg, Florida; Alejandro Modesto Sanchez, President and Chief Executive Officer, Florida Bankers Association, Inc., Tallahassee, Florida; Virginia Bullerman Townes of Akerman LLP, Orlando, Florida; Senior Judge Randall G. McDonald, Tenth Judicial Circuit, Bartow, Florida; Nye Lavalle, Pew Mortgage Institute, Boca Raton, Florida; John F. Hooley, Naples, Florida; Joel Martin McTague of Frank Weinberg & Black, PL, Plantation, Florida; Michael Allen Dribin, Chair, The Real Property, Probate and Trust Section of The Florida Bar, Miami, Florida; Heidi Jo Bassett and Robert Rex Edwards of Robertson, Anschutz & Schneid, P.L., Boca Raton, Florida; Thomas E. Ice of Ice Legal PA, Royal Palm Beach, Florida; Lynn Drysdale, Jacksonville Area Legal Aid, Inc., Jacksonville, Florida; Alice Maria Vickers, Florida Alliance for Consumer Protection, Tallahassee, Florida; Roy David Oppenheim of Oppenheim & Pilelsky, Weston, Florida; Margery Ellen Golant of Golant & Golant, P.A., Boca Raton, Florida; Matthew Decell Weidner of Matthew D. Weidner, PA, Saint Petersburg, Florida; Kevin Michael Hoyes of Kevin Hoyes Attorney PA, Key West, Florida; Wendell David Finner, First Coast Consumer Law, Jacksonville Beach, Florida; and Ronald Gillis, Murdock, Florida,

Responding with Comments

# APPENDIX

## RULE 1.115.        PLEADING MORTGAGE FORECLOSURES

**(a)        Claim for Relief.** A claim for relief that seeks to foreclose a mortgage or other lien which secures a promissory note on residential real property, including individual units of condominiums and cooperatives designed principally for occupation by one to four families which secures a promissory note, must: (1) contain affirmative allegations expressly made by the claimant at the time the proceeding is commenced that the claimant is the holder of the original note secured by the mortgage; or (2) allege with specificity the factual basis by which the claimant is a person entitled to enforce the note under section 673.3011, Florida Statutes.

**(b) – (c)**        [No change]

**(d)        Lost, Destroyed, or Stolen Instrument.** If the claimant seeks to enforce a lost, destroyed, or stolen instrument, an affidavit executed under penalty of perjury must be attached to the claim for relief. The affidavit must: (1) detail a clear chain of all endorsements, transfers, or assignments of the promissory note that is the subject of the action; (2) set forth facts showing that the claimant is entitled to enforce a lost, destroyed, or stolen instrument pursuant to section 673.3091, Florida Statutes; and (3) include as exhibits to the affidavit such copies of the note and the alonges to the note, audit reports showing receipt of the original note, or other evidence of the acquisition, ownership, and possession of the note as may be available to the claimant. Adequate protection as required and identified under sections 673.3091(2) and 702.11(1), Florida Statutes, shall be provided before the entry of final judgment.

**(e)**        [No change]

# FORM 1.944(a). MORTGAGE FORECLOSURE

**(When location of original note known)**

**COMPLAINT**

Plaintiff, A. B., sues defendant, C. D., and alleges:

1.	This is an action to foreclose a mortgage on real property in .......... County, Florida.

2.	On .....(date)....., defendant executed and delivered a promissory note and a mortgage securing payment of the note to .....(plaintiff or plaintiff's predecessor)...... The mortgage was recorded on .....(date)....., in Official Records Book .......... at page .......... of the public records of .......... County, Florida, and mortgaged the property described in the mortgage then owned by and in possession of the mortgagor, a copy of the mortgage and the note being attached.

3.	(Select a, b, ~~or~~ c, or d)

	(a)	Plaintiff is the holder of the original note secured by the mortgage.

	(b)	Plaintiff is a person entitled to enforce the note under applicable law because .....(allege specific facts)......

	(c)	Plaintiff has been delegated the authority to institute a mortgage foreclosure action on behalf of ~~the person entitled to enforce the note~~.....(name of holder)....., the holder of the original note. The document(s) that grant(s) plaintiff the authority to act on behalf of the ~~person entitled to enforce the~~holder of the original note is/are as follows ...........

	(d)	Plaintiff has been delegated the authority to institute a mortgage foreclosure action on behalf of .....(name of non-holder)....., who is not the holder but is entitled to enforce the note under section 673.3011(2), Florida Statutes, because .....(allege specific facts)...... The document(s) that grant(s) plaintiff the authority to act on behalf of the person entitled to enforce the note is/are as follows ...........

4.	The property is now owned by defendant who holds possession.

5.	Defendant has defaulted under the note and mortgage by failing to pay the payment due .....(date)....., and all subsequent payments .....(allege other defaults as applicable)......

6.	Plaintiff declares the full amount payable under the note and mortgage to be due.

7.      Defendant owes plaintiff $.......... that is due on principal on the note and mortgage, interest from .....(date)....., and title search expense for ascertaining necessary parties to this action.

8.      Plaintiff is obligated to pay plaintiff's attorneys a reasonable fee for their services. Plaintiff is entitled to recover its attorneys' fees under .....(allege statutory and/or contractual bases, as applicable)......

WHEREFORE, plaintiff demands judgment foreclosing the mortgage, for costs (and, when applicable, for attorneys' fees), and, if the proceeds of the sale are insufficient to pay plaintiff's claim, a deficiency judgment.

**NOTE:** An action for foreclosure of a mortgage on residential real property must contain an oath, affirmation, or the following statement as required by rule 1.115(e).

### VERIFICATION

Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.

Executed on this .....(date)......

_____
(Person Signing Verification)

CERTIFICATION OF POSSESSION OF ORIGINAL NOTE

The undersigned hereby certifies:

1.      That plaintiff is in possession of the original promissory note upon which this action is brought.

2.      The location of the original promissory note is: ..... (location) ......

3.      The name and title of the person giving the certification is: .....(name and title)......

4.      The name of the person who personally verified such possession is: .....(name)......

5.      The time and date on which possession was verified were: .....(time and date)......

6.      Correct copies of the note (and, if applicable, all endorsements, transfers, allonges, or assignments of the note) are attached to this certification.

7.      I give this statement based on my personal knowledge.

Under penalties of perjury, I declare that I have read the foregoing Certification of Possession of Original Note and that the facts stated in it are true.

Executed on .....(date)......

_____
(Person Signing Certification)

**NOTE:** This form is for installment payments with acceleration. It omits allegations about junior encumbrances, unpaid taxes, unpaid insurance premiums, other nonmonetary defaults, and for a receiver. They must be added when appropriate. A copy of the note and mortgage must be attached. This form may require modification. This form is designed to incorporate the pleading requirements of section 702.015, Florida Statutes (2013) and rule 1.115. It is also designed to conform to section 673.3011, Florida Statutes (2013), except that part of section 673.3011, Florida Statutes, which defines a person entitled to enforce an instrument under section 673.3091, Florida Statutes. See form 1.944(b). Pursuant to section 702.015, Florida Statutes (2013), a certification of possession of the original promissory note must be filed contemporaneously with the Complaint (form 1.944(a)) or, in the event that the plaintiff seeks to enforce a lost, destroyed, or stolen instrument, an affidavit setting forth the facts required by law must be attached to the complaint (form 1.944(b)).

## FORM 1.944(b).  MORTGAGE FORECLOSURE

### (When location of original note unknown)

### COMPLAINT

Plaintiff, ABC, sues defendant, XYZ, and states:

1.      This is an action to foreclose a mortgage on real property in ………. County, Florida.

2.      On .....(date)....., defendant executed and delivered a promissory note and a mortgage securing the payment of said note to .....(plaintiff or plaintiff's predecessor)...... The mortgage was recorded on .....(date)....., in Official Records Book .......... at page .......... of the public records of .......... County, Florida, and mortgaged the property described therein which was then owned by and in possession of the mortgagor. A copy of the mortgage and note are attached to the affidavit which is attached hereto as Composite Exhibit "1"; the contents of the affidavit are specifically incorporated by reference.

3.      Plaintiff is not in possession of the note but is entitled to enforce it.

4.      (select a, b, c, or d) Plaintiff cannot reasonably obtain possession of the note because

(a)      the note was destroyed.

(b)      the note is lost.

(c)      the note is in the wrongful possession of an unknown person.

(d)      the note is in the wrongful possession of a person that cannot be found or is not amenable to service of process.

5.      (select a, b, c, ~~or~~ d, e, or f)

(a)      ~~At the time the original note was lost~~When loss of possession occurred, plaintiff was the holder of the original note secured by the mortgage.

(b)      ~~At the time the original note was lost~~When loss of possession occurred, plaintiff was a person entitled to enforce the note under applicable law because .....(allege specific facts)......

(c)      Plaintiff has directly or indirectly acquired ownership of the note from a person ~~who was~~ entitled to enforce the note when loss of possession occurred as follows: .....(allege facts as to transfer of ownership)......

(d)     Plaintiff has been delegated the authority to institute a mortgage foreclosure action on behalf of the ~~person entitled to enforce the note, and the~~<u>holder of the original note who lost possession of the note. The</u> document(s) that grant(s) plaintiff the authority to act on behalf of the person entitled to enforce the note is/are as follows ........... (attach documents if not already attached).

(e)     <u>Plaintiff has been delegated the authority to institute a mortgage foreclosure action on behalf of the person entitled to enforce the note when loss of possession occurred because .....(allege specific facts)...... The document(s) that grant(s) plaintiff the authority to act on behalf of the person entitled to enforce the note is/are as follows .......... (attach documents if not already attached).</u>

(f)     <u>Plaintiff has been delegated the authority to institute a mortgage foreclosure action on behalf of the person or entity who directly or indirectly acquired ownership of the note from a person entitled to enforce the note when loss of possession occurred, as follows: .....(allege specific facts)...... the document(s) that grant(s) plaintiff the authority to act on behalf of the person entitled to enforce the note is/are as follows .......... (attach documents if not already attached).</u>

6.     Plaintiff did not transfer the note or lose possession of it as the result of a lawful seizure.

7.     The property is now owned by defendant who holds possession.

8.     Defendant has defaulted under the note and mortgage by failing to pay the payment(s) due .....(date(s))....., and all subsequent payments .....(identify other defaults as applicable)......

9.     Plaintiff declares the full amount payable under the note and mortgage to be due.

10.     Defendant owes plaintiff  $......... that is due on principal on the note and mortgage, interest from .....(date)....., and title search expense for ascertaining necessary parties to this action.

11.     Plaintiff is obligated to pay its attorneys a reasonable fee for their services. Plaintiff is entitled to recover its attorneys' fees for prosecuting this claim pursuant to .....(identify statutory and/or contractual bases, as applicable)......

WHEREFORE, Plaintiff demands judgment <u>re-establishing the promissory note, determining the amount and nature of adequate protection to be required by sections 673.3091(2) and 702.11, Florida Statutes,</u> foreclosing the mortgage, for costs (and, where applicable, for attorneys' fees), and if the proceeds of the sale are insufficient to pay plaintiff's claim, a deficiency judgment.

**NOTE:** An action for foreclosure of a mortgage on residential real property must contain an oath, affirmation, or the following statement as required by rule 1.115(e).

## VERIFICATION

Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.

Executed on .....(date)......

_____
(Person Signing Verification)
**\*\*\*\*\***

## AFFIDAVIT OF COMPLIANCE

STATE OF FLORIDA
COUNTY OF ……………

BEFORE ME, the undersigned authority, personally appeared .....(name)....., who, after being first duly sworn, deposes and states, under penalty of perjury:

1.      I am the plaintiff (or plaintiff's ..........) (identify relationship to plaintiff).

~~2.~~      I am executing this affidavit in support of plaintiff's Complaint against defendant and I have personal knowledge of the matters set forth herein.

~~3~~2.      On .....(date)....., the public records reflect that defendant executed and delivered a mortgage securing the payment of the note to .....(plaintiff/plaintiff's predecessor)...... The mortgage was recorded on .....(date)....., in Official Records Book .......... at page .......... of the public records of .......... County, Florida, and mortgaged the property described therein, which was then owned by and in possession of the mortgagor, a copy of the mortgage and the note being attached.

3.      <u>Plaintiff is not in possession of the note but is entitled to enforce it.</u>

4.      (select a, b, c, or d) Plaintiff cannot reasonably obtain possession of the note because

        (a)      the note was destroyed.

        (b)      the note is lost.

        (c)      the note is in the wrongful possession of an unknown person.

        (d)      the note is in the wrongful possession of a person who cannot be found or is not amenable to service of process.

5.      (select  a, b, c, ~~or~~ d<u>, e, or f</u>)

(a) ~~At the time the original note was lost~~When loss of possession occurred, plaintiff was the holder of the original note secured by the mortgage.

(b) ~~At the time the original note was lost~~When loss of possession occurred, plaintiff was a person entitled to enforce the note under applicable law because .....(allege specific facts)......

(c) ~~Since the note was lost, p~~Plaintiff has directly or indirectly acquired ownership of the note from a person ~~who was~~ entitled to enforce the note when loss of possession occurred as follows: .....(allege facts regarding transfer of ownership)......

(d) Plaintiff has been delegated the authority to institute a mortgage foreclosure action on behalf of the ~~person entitled to enforce the note, and the~~holder of the original note who lost possession of the note. The document(s) that grant(s) plaintiff the authority to act on behalf of the person entitled to enforce the note is/are as follows .......... (attach copy of document(s) or relevant portion(s) of the document(s)).

(e) Plaintiff has been delegated the authority to institute a mortgage foreclosure action on behalf of the person entitled to enforce the original note when loss of possession occurred, because .....(allege specific facts)...... The document(s) that grant(s) plaintiff the authority to act on behalf of the person entitled to enforce the note is/are as follows .......... (attach documents if not already attached).

(f) Plaintiff has been delegated the authority to institute a mortgage foreclosure action on behalf of the person or entity who directly or indirectly acquired ownership of the note from a person entitled to enforce the original note when loss of possession occurred, as follows .....(allege specific facts)...... The document(s) that grant(s) plaintiff the authority to act on behalf of the person entitled to enforce the note is/are as follows .......... (attach documents if not already attached).

6. Below is the clear chain of the endorsements, transfers, allonges or assignments of the note and all documents that evidence same as are available to Plaintiff: .....(identify in chronological order all endorsements, transfers, assignments of, allonges to, the note or other evidence of the acquisition, ownership and possession of the note)...... Correct copies of the foregoing documents are attached to this affidavit.

7. Plaintiff did not transfer the note or lose possession of it as the result of a lawful seizure.

FURTHER, AFFIANT SAYETH NAUGHT.

_____
[signature]
…………………………………
[typed or printed name of affiant]

STATE OF FLORIDA
COUNTY OF …………...

BEFORE ME, the undersigned authority appeared .....(name of affiant)....., who ..... is personally known to me or ..... produced identification ..... and acknowledged that he/she executed the foregoing instrument for the purposes expressed therein and who did take an oath.

WITNESS my hand and seal in the State and County aforesaid, this .....(date)......

_____
NOTARY PUBLIC, State of Florida

Print Name: …………………………

Commission Expires: ……………….

**Committee Note**

**2014 Adoption.** This form is for installment payments with acceleration. It omits allegations about junior encumbrances, unpaid taxes, unpaid insurance premiums, other nonmonetary defaults, and for a receiver. Allegations must be added when appropriate. This form may require modification. This form is designed to incorporate the pleading requirements of section 702.015, Florida Statutes (2013), and rule 1.115. It is also designed to comply with section 673.3091, Florida Statutes (2013). Adequate protection as required by sections 702.11 (2013) and 673.3091(2), Florida Statutes (2013), must be provided before the entry of final judgment.

# FORM 1.944(c). MOTION FOR ORDER TO SHOW CAUSE

**PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE
FOR ENTRY OF FINAL JUDGMENT OF FORECLOSURE**

1.      Plaintiff is a lienholder of real property located at .....(address)..... or is a .....Condominium Association/Cooperative Association/Homeowner's Association......

2.      The plaintiff has filed a verified complaint in conformity with applicable law, which is attached.

3.      The plaintiff requests this court issue an order requiring defendant(s) to appear before the court to show cause why a final judgment of foreclosure should not be entered against defendant(s).

4.      The date of the hearing may not occur sooner than the later of 20 days after service of the order to show cause or 45 days after service of the initial complaint.

OR

COMMENT: Use the following when service is by publication:

4.      When service is obtained by publication, the date for the hearing may not be set sooner than 30 days after the first publication.

5.      The accompanying proposed order to show cause affords defendant(s) all the rights and obligations as contemplated by applicable law.

6.      Upon the entry of the order to show cause, plaintiff shall serve a copy of the executed order to show cause for entry of final judgment as required by law.

~~7.      This is not a residential property for which a homestead exemption for taxation was granted according to the rolls of the latest assessment by the County Property Appraiser.~~

Plaintiff requests the court review this complaint and grant this motion for order to show cause for entry of final judgment of foreclosure, and grant such further relief as may be awarded at law or in equity.

_____
Plaintiff

Certificate of Service

**Committee Note**

- 17 -

**2014 Adoption.** This form is designed to comply with section 702.10, Florida Statutes (2013).

# FORM 1.944(d).   ORDER TO SHOW CAUSE

## ORDER TO SHOW CAUSE

**THIS CAUSE** has come before the court on .....plaintiff's/lien holder's..... motion for order to show cause for entry of final judgment of mortgage foreclosure and the court having reviewed the motion and the verified complaint, and being otherwise fully advised in the circumstances, finds and it is

**ORDERED AND ADJUDGED** that:

1. The defendant(s) shall appear at a hearing on foreclosure on .....(date)..... at ..... (time) ..... before the undersigned judge, in the ..…(county)….. Courthouse at ..…(address)….., to show cause why the attached final judgment of foreclosure should not be entered against the defendant(s) in this cause.  This hearing referred to in this order is a "show cause hearing."

2. This ORDER TO SHOW CAUSE shall be served on the defendant(s) in accordance with the Florida Rules of Civil Procedure and applicable law as follows:

    a. If the defendant(s) has/have been served under Chapter 48, Florida Statutes, with the verified complaint and original process has already been effectuated, service of this order may be made in the manner provided in the Florida Rules of Civil Procedure; or, if the other party is the plaintiff in the action, service of the order to show cause on that party may be made in the manner provided in the Florida Rules of Civil Procedure.

    b. If the defendant(s) has/have not been served under Chapter 48, Florida Statutes, with the verified complaint and original process, the order to show cause, together with the summons and a copy of the verified complaint, shall be served on the party in the same manner as provided by law for original process.

3. The filing of defenses by a motion or verified answer at or before the show cause hearing constitutes cause for which the court may not enter the attached final judgment.

4. Defendant(s) has/have the right to file affidavits or other papers at the time of the show cause hearing and may appear at the hearing personally or by an attorney.

5. If defendant(s) file(s) motions, they may be considered at the time of the show cause hearing.

6. Defendant(s)' failure to appear either in person or by an attorney at the show cause hearing or to file defenses by motion or by a verified or sworn answer, affidavits, or other papers which raise a genuine issue of material fact which would preclude entry of summary judgment or which would otherwise constitute a legal defense to foreclosure, after being served as provided by law with the order to show cause, will be deemed presumptively a waiver of the right to a hearing.  In such case, the court may enter a final judgment of foreclosure ordering the

clerk of the court to conduct a foreclosure sale. An order requiring defendant(s) to vacate the premises may also be entered.

7. If the mortgage provides for reasonable attorneys' fees and the requested fee does not exceed 3% of the principal amount owed at the time the complaint is filed, the court may not need to hold a hearing to adjudge the requested fee to be reasonable.

8. Any final judgment of foreclosure entered under section 702.10(1) Florida Statutes, shall be only for in rem relief; however, entry of such final judgment of foreclosure shall not preclude entry of an in personam money damages judgment or deficiency judgment where otherwise allowed by law.

**9. A copy of the proposed final judgment is attached and will be entered by the court if defendant(s) waive(s) the right to be heard at the show cause hearing.**

~~**10. The court finds that this is not a residential property for which a homestead exemption for taxation was granted according to the rolls of the latest assessment by the county property appraiser.**~~

DONE AND ORDERED at .....(county)....., Florida .....(date)......

_____
CIRCUIT JUDGE

Copies to:

**Committee Note**

**2014 Adoption**. This form is designed to comply with section 702.10(1), Florida Statutes (2013).

# FORM 1.996(b). FINAL JUDGMENT OF FORECLOSURE FOR RE-ESTABLISHMENT OF LOST NOTE

FINAL JUDGMENT

This action was tried before the court. On the evidence presented

IT IS ADJUDGED that:

1.  **Amounts Due.**      Plaintiff, …. (name and address) ….., is due

|  |  |
|---|---|
| Principal | $.............................. |
| Interest to date of this judgment | ................................ |
| Title search expenses | ................................ |
| Taxes | ................................ |
| Attorneys' fees total | ................................ |
| Court costs, now taxed | ................................ |
| Other: | ................................ |
| Subtotal | $.............................. |
| LESS: Escrow balance | ................................ |
| LESS: Other ……. | ................................ |
| **TOTAL** | $.............................. |

2.  **Lien on Property.**  Plaintiff holds a lien for the total sum superior to all claims or estates of defendant(s), on the following described property ……………….. County, Florida:

(describe property)

3.  **Sale of Property.** If the total sum with interest at the rate described in paragraph 1 and all costs accrued subsequent to this judgment are not paid, the clerk of this court shall sell the property at public sale on …..(date)….., to the highest bidder for cash, except as prescribed in paragraph 4, at the courthouse located at ….(street address of courthouse)…. in …………… County in ..…(name of city)….., Florida, in accordance with section 45.031, Florida Statutes (2013), using the following method (CHECK ONE):

….. At …..(location of sale at courthouse; *e.g.*, north door)….., beginning at …..(time of sale)….. on the prescribed date.

….. By electronic sale beginning at …..(time of sale)….. on the prescribed date at …..(website)……

4. **Costs.** Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the clerk if plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for the documentary stamps payable on the certificate of title. If plaintiff is the purchaser, the clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it as is necessary to pay the bid in full.

5. **Distribution of Proceeds.** On filing the certificate of title the clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of plaintiff's costs; second, documentary stamps affixed to the certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 1 from this date to the date of the sale; and by retaining any remaining amount pending further order of this court.

6. **Right of Redemption/Right of Possession**.   On filing the certificate of sale, defendant(s) and all persons claiming under or against defendant(s) since the filing of the notice of lis pendens shall be foreclosed of all estate or claim in the property and defendant's right of redemption as prescribed by section 45.0315, Florida Statutes (2013) shall be terminated, except as to claims or rights under chapter 718 or chapter 720, Florida Statutes, if any. Upon the filing of the certificate of title, the person named on the certificate of title shall be let into possession of the property.

7. **Attorneys' Fees.**

[If a default judgment has been entered against the mortgagor]

Because a default judgment has been entered against the mortgagor and because the fees requested do not exceed 3 percent of the principal amount owed at the time the complaint was filed, it is not necessary for the Court to hold a hearing or adjudge the requested attorneys' fees to be reasonable.

[If no default judgment has been entered against the mortgagor]

The Court finds, based upon the affidavits/testimony presented and upon inquiry of counsel for the Plaintiff that ___ hours were reasonably expended by Plaintiff's counsel and that an hourly rate of $_____ is appropriate.  Plaintiff's counsel represents that the attorney fee awarded does not exceed its contract fee with the Plaintiff.  The Court finds that there are/are no reduction or enhancement factors for consideration by the Court pursuant to Florida Patient Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). (If the Court has found that there are

reduction or enhancement factors to be applied, then such factors must be identified and explained herein).

[If the fees to be awarded are a flat fee]

The requested attorneys' fees are a flat rate fee that the firm's client has agreed to pay in this matter. Given the amount of the fee requested and the labor expended, the Court finds that a lodestar analysis is not necessary and that the flat fee is reasonable.

8.      **Re-establishment of Lost Note.**  The court finds that the plaintiff has re-established the terms of the lost note and established its right to enforce the instrument as required by law. Plaintiff shall hold the defendant(s) maker of the note harmless and shall indemnify defendant(s) for any loss Defendant(s) may incur by reason of a claim by any other person to enforce the lost note. Adequate protection has been provided as required by law by the following means: ….. (Identify means of security per applicable law: a written indemnification agreement, a surety bond, include specific detail)…...

Judgment is hereby entered in favor of the plaintiff as to its request to enforce the lost note.

9.      **Jurisdiction Retained.**  Jurisdiction of this action is retained to enforce the adequate protection ordered and to enter further orders that are proper including, without limitation, a deficiency judgment.

**IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.**

**IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**

[If the property being foreclosed on has qualified for the homestead tax exemption in the most recent approved tax roll, the final judgment shall additionally contain the following statement in conspicuous type:]

**IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT,** (INSERT INFORMATION FOR APPLICABLE COURT) **WITHIN 10 DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.**

**IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT** (INSERT LOCAL OR NEAREST LEGAL AID OFFICE AND TELEPHONE NUMBER) **TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT** (NAME OF LOCAL OR NEAREST LEGAL AID OFFICE AND TELEPHONE NUMBER) **FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.**

ORDERED at ……………….., Florida, on …..(date)……

_____
Judge

NOTE: Paragraph 1 must be varied in accordance with the items unpaid, claimed, and proven. The form does not provide for an adjudication of junior lienors' claims or for redemption by the United States of America if it is a defendant. The address of the person who claims a lien as a result of the judgment must be included in the judgment in order for the judgment to become a lien on real estate when a certified copy of the judgment is recorded. Alternatively, an affidavit with this information may be simultaneously recorded. For the specific requirements, see section 55.10(1), Florida Statutes; *Hott Interiors, Inc. v. Fostock*, 721 So. 2d 1236 (Fla. 4th DCA 1998).

### Committee Note

**2014 Amendment.** This new form is to be used when the foreclosure judgment re-establishes a lost note.