Per Curiam.
We grant appellant James Ober’s motion for rehearing, withdraw our opinion of August 24, 2016, and substitute the following.
This case involves the application of section 48.23, Florida Statutes (2014), the lis pendens statute, to liens placed on property between a final judgment of foreclosure and a judicial sale. We hold that such liens are discharged by section 48.23(l)(d).
Background
On November 26, 2007, a bank, which is not a party in this lawsuit, recorded a lis pendens on certain property as part of a foreclosure lawsuit against a homeowner, also not a party in this case. On September 22, 2008, the bank obtained a final judgment of foreclosure. From July 13, 2009 through October 27, 2011, appellee Town of Lauderdale-by-the-Sea, recorded seven liens on the subject property related to various code violations occurring after the entry of the final judgment.
On September 27, 2012, the bank purchased the property at a foreclosure sale. It later sold the property to Ober.
Ober filed suit to quiet title, attempting to strike the liens against his property. The Town’s counterclaim sought to foreclose the liens. The trial court granted the Town’s motion, denied Ober’s motion, and entered a final judgment of foreclosure on the seven liens recorded prior to the judicial sale, as well as on three liens imposed after the sale of the property. Ober does not argue that those three post-judicial sale liens were discharged, and on remand the trial court may enter judgment on them.
Analysis
Insofar as this case concerns the interpretation of a statute, the standard of review is de novo. Brown v. City of Vero Beach, 64 So.3d 172, 174 (Fla. 4th DCA *954 2011). Section 48.23(1)(d) states, in pertinent part:
[T]he recording of ... notice of lis pen-dens ... constitutes a bar to the enforcement against the property described in the notice of all interests and liens ... unrecorded at the time of recording the notice unless the holder of any such unrecorded interest or lien intervenes in such proceedings within 30 days after the recording of the notice. If the holder of any such unrecorded interest or lien does not intervene in the proceedings and if such proceedings are prosecuted to a judicial sale of the property described in the notice, the property shall be forever discharged from all such unrecorded interests and liens.
(Emphasis added).
, We reject the Town’s argument that the statute applies only to liens existing or,accruing prior to the date of the final judgment. The language of the statute is broad, applying to “all interests and liens.” Significantly, the statute expressly contemplates that its preclusive operation continues through a “judicial sale.” This is consistent with how foreclosure suits operate-in the real world. As the amicus-brief of the Florida Bankers Association points out, foreclosures are unlike many civil lawsuits in that “much remains to be accomplished after entry of final judgment, including the foreclosure sale, the issuance of certificates of sale and title, and, in many instances, the prosecution of a deficiency claim, all under court supervision.” In a foreclosure lawsuit, the final judgment is not the end of the road, but merely a way station .to the final result. See Park Fin. of Broward, Inc. v. Jones, 94 So.3d 617, 618 (Fla. 4th DCA 2011) (stating that mortgage foreclosure actions are different from typical civil actions).
A proper reading of section 48.23(l)(d) is,- as the Florida Land Title Association suggests, that “when a foreclosure action is prosecuted to a judicial sale, that sale discharges all liens, whether recorded before the final judgment or after, if the lienor does not intervene in the action within 30 days” after the recording of the notice of lis pendens.
This view is in accord with Form 1.996(a) of the Florida Rules of Civil Procedure. The form provides a sample foreclosure judgment, with a provision stating:
On filing the certificate of sale, defendants) and all persons claiming under or against defendant(s) since the filing of the notice of lis pendens shall be foreclosed of all estate or claim in the property ..., except as to claims or rights under chapter 718 or chapter 720, Florida Statutes, if any.
As the Business Law Section of the Florida Bar notes, this form reflects the common understanding of the operation of the Us pendens statute. See Hancock Advert., Inc. v. Dep’t of Transp., 649 So.2d 1086, 1089 (Fla. 3rd DCA 1989) (holding that the court is “entitled to consider” the “practical construction which has in fact been adopted by the industry” when dealing with a statutory interpretation issue). The form was first adopted in 1971. See In re Fla. Rules of Civil Procedure, 263 So.2d 404, 419 (Fla. 1971). It has been reviewed and revised by the Florida Supreme Court since 1971, most recently in January 2016. See In re Amendments to Fla. Rules of Civil Procedure, 190 So.3d 999 (Fla. 2016). The January 2016 revisions maintained the language quoted above. Id. at 1010.
Conclusion
The practical problem in this case is the long lag time between the foreclosure judgment and the foreclosure sale. Resolution of the competing interests—of the Town, the lending and title insurance industries, property owners, and buyers at *955 foreclosure sales—is in the province of the legislature.
We reverse the final judgment and remand to the circuit court for further proceedings.
Gross, Forst and Klingensmith, JJ., concur.